## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MELISSA NELSON | CIVIL ACTION  1:16-cv-03941 |
|     Plaintiff, | |
| v. | COMPLAINT |
| ASHFORD UNIVERSITY, LLC. | |
|     Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, MELISSA NELSON ("Melissa"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, ASHFORD UNIVERSITY, LLC ("Ashford") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking damages for Ashford's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227 ("TCPA"), and 28 U.S.C. §§1331 and 1337 because the action arises under the laws of the United States.

3.  The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

1

4.  Venue is proper in this District pursuant to 28 U.S.C. §1391 as Ashford conducts business in this District and Ashford's conduct harmed Melissa in Illinois.

**PARTIES**

5.  Plaintiff Melissa Nelson is a consumer and natural person over 18-years-of-age who at all times relevant resided in Illinois.

6.  Defendant Ashford University, LLC is a California corporation and conducts business in the State of Illinois and has a registered agent in Illinois. Its primary business is administering online collegiate courses.

**ASHFORD'S CALLS TO PLAINTIFF'S CELLULAR PHONE**

7.  At all times relevant, Melissa was the sole subscriber, owner, and operator of the cellular phone with the assigned number ending in 1574. Melissa is and has always been financially responsible for the cellular phone and its services.

8.  Melissa has never applied for admission to Ashford nor has she ever had any affiliation with Ashford.

9.  Melissa never provided her cellular phone number to Ashford.

10. Sometime in January 2016, Ashford began placing calls to Melissa's cellular phone to solicit her business.

11. Between January 2016 and March 2016, Ashford placed no less than 50 phone calls to Melissa's cellular phone.

12. In January 2016, Melissa answered a call from Ashford and demanded that Ashford cease all contact with her.  During that call, Melissa said "hello," to which there was no response for approximately 3 seconds. After the pause, an Ashford representative introduced themselves and attempted to solicit Melissa's business.

13. The persistence of Ashford's phone calls began to disrupt Melissa's everyday life and general well being.

14. Melissa suffers from severe anxiety and depression. Melissa recently discovered that a tumor has formed on her brain, thus causing her severe mental anguish.

15. Ashford's phone calls have exasperated Melissa's anxiety and depression conditions and has substantially increased her mental anguish.

16. Melissa grows increasingly more agitated on a daily basis and Ashford's actions continue to take a major toll on Melissa's health.

17. Ashford's harassing phone calls have been highly upsetting to Melissa and have significantly disrupted her life. Ashford's persistent phone calls have resulted in harm to Melissa, including but not limited to, emotional distress, mental anguish, invasion of privacy, increased anxiety, increased depression, the aggravation that accompanies unsolicited telephone calls, increased usage of her telephone service, and diminished space for data storage on her cellular phone.

18. Ashford's calls have not ceased and are unlikely to cease without judicial intervention.

19. Melissa has been forced to retain counsel and incur attorney's fees as a result of Ashford's harassing phone calls.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

20. Melissa restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. The TCPA prohibits calling persons on their cell phone using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be

called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

22. Upon information and belief, based on the pause and lack of prompt human response during the phone calls in which Melissa answered, Ashford used a predictive dialing system to place calls to Melissa.

23. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

24. "When evaluating the issue whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

25. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

26. Ashford violated the TCPA by placing no less than 50 phone calls to Melissa's cellular phone between January 2016 and through the present, using an ATDS without Melissa's consent.

27. Melissa never consented to any of Ashford's calls to her cellular phone.

28. As stated above, Melissa demanded that Ashford cease its calls to no avail.

29.     As pled above, Melissa was harmed by Ashford's solicitation calls to her cellular phone.

30.     Pursuant to 47 U.S.C. §227(b)(3)(B), Ashford is liable to Melissa for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Ashford's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Melissa is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff MELISSA NELSON requests that this Honorable Court:

a.  Declare Ashford's phone calls to Melissa to be violations of the TCPA;

b.  Award Melissa damages of $1,500 per phone call for Ashford's willful violations of 47 U.S.C. § 227(b)(3)(B)&(C); and

c.  Award any other relief this Honorable Court deems equitable and just.

## COUNT II -- VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

31.     Melissa restates and realleges paragraphs 1 through 19 as through fully set forth herein.

32.     The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

33.     Melissa is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

34.     Melissa is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

35.    Ashford is engaged in "commerce" in the State of Illinois with regard to Melissa as defined by ICFA, 815 ILCS 505/1(f). Ashford is an online educational institution, which is an activity within the stream of commerce and utilized in their regular course of business.

### a. Unfairness

36.    It was unfair for Ashford to harass Melissa through endless phone calls placed to her cellular phone after she requested that Ashford cease contact with her.

37.    It was unfair for Ashford to call Melissa in order to solicit her business after Melissa insisted that she was not interested in Ashford's services and demanded that the calls cease.

38.    Ashford has bullied Melissa into near submission via unfair conduct through its never-ending harassing phone calls.

39.    The phone harassment campaign Ashford has unleashed on Melissa is against public policy, immoral, unethical, and oppressive.

40.    As pled above, Melissa was severely harmed by Ashford's unfair conduct.

41.    Upon information and belief, Ashford systematically places unsolicited and harassing phone calls to Illinois consumers in an effort to aggressively advertise their business.

42.    Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Ashford and is done on a broad scale.

43.    An award of punitive damages is appropriate because Ashford's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Melissa and consumers, generally, and Melissa had no choice but to submit to the continued harassing phone calls.

WHEREFORE, Plaintiff MELISSA NELSON requests that this Honorable Court:

a.  Enter judgment in her favor and against Ashford;

b.  Award Melissa her actual damages in an amount to be determined at trial;

c.  Award Melissa punitive damages in an amount to be determined at trial;

d.  Award Melissa her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e.  Award any other relief this Honorable Court deems equitable and just.

**Plaintiffs demand trial by jury.**

Dated: March 21, 2016                          Respectfully Submitted,

                                               /s/ Mohammed O. Badwan
                                               Mohammed O. Badwan, Esq. ARDC#6299011
                                               *Counsel for Plaintiff*
                                               Sulaiman Law Group, LTD
                                               900 Jorie Blvd, Ste 150
                                               Oak Brook, IL 60523
                                               Phone (630) 575-8181
                                               Fax (630) 575-8188