UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 16-cv-3491 |
| v. | ) |
| | ) Judge John W. Darrah |
| ASHFORD UNIVERSITY, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On March 21, 2016, Plaintiff filed a Complaint [1], alleging claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1, *et seq.*, related to repeated and unsolicited calls to her cellular phone by Defendant, Ashford University, LLC. Defendant filed a Motion to Dismiss Count II [14] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. For the reasons discussed below, Defendant's Motion to Dismiss Count II [14] is granted.

## BACKGROUND

Plaintiff is a consumer and a resident of Illinois. (Compl. ¶ 5.) Defendant is an accredited online university and California corporation who conducts business in Illinois. (*Id.* ¶ 6.) Plaintiff owns and operates a cellular ("cell") phone with the number ending in 1574. (*Id.* ¶ 7.) In January 2016, Plaintiff began receiving calls from Defendant on her cell phone. (*Id.* ¶ 10.) Plaintiff answered a call in January 2016. (*Id.* ¶ 12.) During this call, Nelson answered the phone by saying "Hello" and, after an approximate three-second pause, was greeted by one of Defendant's sales representatives who attempted to solicit Plaintiff's business. (*Id.*) Plaintiff

demanded that Defendant cease contact with her.  (*Id.*)  From January 2016 to March 2016, Defendant placed at least fifty phone calls to Plaintiff's cell phone.  (*Id.* ¶ 11.)

Plaintiff alleges that her life and well-being were disrupted by the constant calls to her cell phone.  (*Id.* ¶ 13.)  The daily calls have agitated her to the extent that it has affected her health.  (*Id.* ¶ 16.)  Plaintiff claims that the persistent phone calls have resulted in emotional distress, mental anguish, invasion of privacy, increased anxiety, increased depression, general aggravation, increased usage of her cell service, and diminished data storage on her cell.  (*Id.* ¶ 17.)  Plaintiff previously suffered from severe anxiety and depression.  (*Id.* ¶ 15.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element."  *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015).  Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis."  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).  When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor.  *Twombly*, 550 U.S. at 555-56.

**ANALYSIS**

Defendant argues that Count II should be dismissed for failure to state a claim upon which relief can be granted. Count II alleges that Defendant's calls violated the ICFA. The ICFA is "intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices" and is "liberally construed to effectuate its purpose." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002). The elements of an ICFA claim are: "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010). "A plaintiff may allege that conduct is unfair under [the Act] without alleging that the conduct is deceptive." *Id.* at 935 (citing *Saunders v. Mich. Ave. Nat'l Bank,* 662 N.E.2d 602 (Ill. 1996)).

Unfairness is evaluated using three factors: "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers." *Robinson*, 775 N.E.2d at 961. Defendant argues that a lack of substantial injury means that there is no unfairness.[1] However, a "practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Id.*

---

[1] Defendant cites to *G.M. Sign, Inc. v. Stergo*, 681 F. Supp. 2d 929 (N.D. Ill. 2009), and *Centerline Equip. Corp. v. Banner Pers. Serv., Inc.*, 545 F. Supp. 2d 768 (N.D. Ill. 2008), arguing the ICFA claim should be dismissed if the substantial injury factor is missing. In *Stergo*, the ICFA claim was dismissed because the second and third factors of the *Robinson* test weighed in favor of dismissal. *Stergo*, 681 F. Supp. 2d at 937. In *Centerline*, the ICFA claim was not dismissed because three of the *Robinson* test factors weighed in Plaintiff's favor. *Centerline Equip. Corp.*, 545 F. Supp. 2d at 781.

*Public Policy*

Plaintiff has alleged that Defendant placed more than fifty unsolicited telephone calls in three months. Under Illinois law, "[i]t is a violation of this Act to continue with a solicitation placed by a live operator without the consent of the called party." 815 Ill. Comp. Stat. 413/25. Further, Defendant has not challenged Plaintiff's TCPA claim. If the actions go against the TCPA and federal law, then it may offend public policy. *See Stergo*, 681 F. Supp. 2d at 935 (holding, in part, that the public policy factor weighed in favor of the plaintiff because the defendant's actions, as alleged, violated the TCPA and the IFCA). Defendant has not argued that their actions are not against public policy. The public policy factor weighs in Plaintiff's favor.

*Oppressiveness*

As to the oppressiveness factor, the question "is whether a defendant's conduct is 'so oppressive as to leave the consumer with little alternative except to submit to it.'" *Batson v. Live Nation Ent., Inc.*, 746 F.3d 827, 833 (7th Cir. 2014) (citing *Robinson,* 775 N.E.2d at 961). Plaintiff argues she had no choice but to continue to receive the calls after she asked Defendant to stop calling. The only other choice would have been to turn off her cell phone, which would deprive her of the use of the phone entirely. However, turning off the cell phone is not a realistic "alternative." *See Centerline,* 545 F. Supp. 2d at 780 (deciding that an unsolicited fax could be oppressive even though there was the "alternative" to turn off the fax machine). Plaintiff adequately alleges that the Defendant's repeated calls were oppressive. The oppressiveness factor weighs in Plaintiff's favor.

*Substantial Injury*

A defendant's practice causes substantial injury "if the injury is (1) substantial; (2) not outweighed by any countervailing benefits to consumers or competition that the practice

produces; and (3) one that consumers themselves could not reasonably have avoided." *Batson*, 746 F.3d at 834. Additionally, "[a] practice causes substantial injury to consumers if it causes *significant* harm to the plaintiff and has the potential to cause injury to a large number of consumers." *Stergo*, 681 F. Supp. 2d at 936 (emphasis in original) (citing *Stonecrafters, Inc. v. Foxfire Printing and Packaging, Inc.*, 633 F. Supp. 2d 610, 617 (N.D. Ill. 2009)).

*Actual Damages*

Defendant argues that the Plaintiff does not allege any actual damages, let alone a substantial injury. The ICFA requires the plaintiff to show they suffered "actual damage" due to defendant's violation of the act. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) (citing 815 Ill. Comp. Stat. 505/10a). "[A]ctual damages must arise from 'purely economic injuries.'" *Thrasher-Lyon*, 861 F. Supp. 2d at 912 (quoting *Morris v. Harvey Cycle and Camper, Inc.*, 911 N.E.2d 1049, 1053 (Ill. App. Ct. 2009)).

Plaintiff alleges that the phone calls resulted in "increased usage of her telephone service, and diminished space for data storage on her cellular phone." (Compl. ¶ 17.) But Plaintiff does not allege that she has suffered any actual economic damages. Plaintiff does not allege that the calls resulted in any monetary cost that would not have otherwise occurred, such as overage charges for telephone or data services. *See Frye v. L'Oreal USA, Inc.*, 583 F. Supp. 2d 954, 957-58 (N.D. Ill. 2008) (under the ICFA, the "measure of damages is the amount that will compensate plaintiff for the loss occasioned by the fraud, which is the amount she is actually out-of-pocket by reason of the transaction"). Nor does Plaintiff allege that the Defendant's actions have made her phone unusable in any way. *See Stavropoulos v. Hewlett-Packard Co.*, No. 13 C 5084, 2014 WL 2609431, at *4 (N.D. Ill. June 9, 2014) (finding that the inability to use a recalled product stated actual damages under the ICFA).

Plaintiff also alleges emotional distress and mental anguish from the calls including: agitation of her already present anxiety and depression, invasion of privacy, and general aggravation. However, "damages for [emotional distress, inconvenience, and] aggravation are compensable under the Consumer Fraud Act only when they are part of a total award that includes actual economic damages." *Worix v. MedAssets, Inc.*, 869 F. Supp. 2d 893, 901 (N.D. Ill. 2012) (quoting *Morris*, 911 N.E.2d at 1053). Specifically, "where a plaintiff only alleges that she suffered emotional damages in an ICFA claim, such allegations are not sufficient to survive a motion to dismiss." *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898, 913 (N.D. Ill. 2012). Additionally, attorney's fees do not constitute actual damages under the ICFA. *Price v. Seterus, Inc.*, 15 C 7541, 2016 WL 1392331, at *7 (N.D. Ill. Apr. 8, 2016).

Plaintiff has not alleged any actual, economic damages from Defendant's conduct. Defendant's Motion to Dismiss Count II [14] is granted.

## CONCLUSION

Defendant's Motion to Dismiss Count II [14] is granted without prejudice. Plaintiff may file an amended complaint within thirty days of the entry of this Order, if she can do so in compliance with Rule 11.

Date: August 29, 2016

JOHN W. DARRAH
United States District Court Judge